UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MARY C. ENGEL,

        Plaintiff,

  v.

MICHAEL BARRY, et al.,

        Defendants.

NO. CIV. S 03-2403 MCE KJM

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

    Through the present action, Plaintiff Mary Engel ("Plaintiff") claims that Defendants Michael Barry, Deputy Brian Hammer, Deputy William Sowles, and Officer Scott Sparks (collectively, "Defendants") violated her civil rights during the course of searching her home and ultimately arresting her on felony child endangerment charges. Specifically, Plaintiff alleged federal claims under the Civil Rights Act of 1871, 42 U.S.C. § 1983 ("Section 1983"), including false arrest, false imprisonment, assault under color of law, assault and battery, cruel and unusual punishment, violation of right to counsel,

1

illegal search and seizure,[1] taking of personal property without due process or just compensation, racial discrimination, conspiracy, and negligence/deliberate indifference.  In addition, Plaintiff raised state claims of trespass to land, trespass to chattel, and invasion of privacy.

On March 25, 2004, Defendants concurrently moved to dismiss Plaintiff's claims and to strike Plaintiff's request for punitive damages.  In its Memorandum and Order dated August 17, 2004, the Court granted Defendants' Motion to Dismiss Plaintiff's Section 1983 claims for false arrest, false imprisonment, cruel and unusual punishment, violation of right to counsel, and deliberate indifference for improper training as to probable cause for child endangerment.  See Mem. & Order, August 17, 2004.  Also, the Court granted Defendants' Motion to Strike punitive damages.  Id.

In the current motion, Plaintiff is seeking summary judgment or, in the alternative, summary adjudication as to her claims of illegal search and seizure, due process violation, invasion of privacy, deliberate indifference, conspiracy, trespass to land and trespass to chattel.  For the reasons set forth fully below, Plaintiff's motion is denied.[2]

//
//
//

---

[1] While Plaintiff failed to list this cause of action in the caption of her complaint, the Court notes that it is set forth in the body of her complaint and, therefore, warrants this Court's consideration.

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

2

**BACKGROUND**

The Court has previously set forth a detailed factual background for this action in its Order of August 17, 2004, which is incorporated by reference and need not be reproduced herein. Mem. & Order 2-5, August 17, 2004.

**STANDARD**

The Federal Rules of Civil Procedure provide for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

Rule 56 also allows a court to grant summary adjudication on part of a claim or defense. *See* Fed. R. Civ. P. 56(a) ("A party seeking to recover upon a claim ... may ... move ... for a summary judgment in the party's favor upon all or any part thereof."); *see also* Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995); France Stone Co., Inc. v. Charter Township of Monroe, 790 F. Supp. 707, 710 (E.D. Mich. 1992).

The standard that applies to a motion for summary adjudication is the same as that which applies to a motion for summary judgment. *See* Fed. R. Civ. P. 56(a), 56(c); Mora v.

3

1  ChemTronics, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. at 323(quoting Rule 56(c)).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

In attempting to establish the existence of this factual dispute, the opposing party must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of Western Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987). Stated another way, "before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could

4

1  properly proceed to find a verdict for the party producing it,
2  upon whom the onus of proof is imposed." Anderson, 477 U.S. at
3  251 (quoting Improvement Co. v. Munson, 14 Wall. 442, 448, 20
4  L.Ed. 867 (1872)).  As the Supreme Court explained, "[w]hen the
5  moving party has carried its burden under Rule 56(c), its
6  opponent must do more that simply show that there is some
7  metaphysical doubt as to the material facts .... Where the record
8  taken as a whole could not lead a rational trier of fact to find
9  for the nonmoving party, there is no 'genuine issue for trial.'"
10 Matsushita, 475 U.S. at 586-87.

11    In resolving a summary judgment motion, the evidence of the
12 opposing party is to be believed, and all reasonable inferences
13 that may be drawn from the facts placed before the court must be
14 drawn in favor of the opposing party. Anderson, 477 U.S. at 255.
15 Nevertheless, inferences are not drawn out of the air, and it is
16 the opposing party's obligation to produce a factual predicate
17 from which the inference may be drawn. Richards v. Nielsen
18 Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985),
19 aff'd, 810 F.2d 898 (9th Cir. 1987).

**ANALYSIS**

**1.   Illegal Search and Seizure**

The Court notes that this Motion for Summary Adjudication marks the first opportunity for the Court to examine Plaintiff's claim of illegal search and seizure.  Specifically, neither Plaintiff nor Defendants had previously addressed this particular

claim in the papers filed with the Court.  Accordingly, the Court must first consider whether this claim is viable.

As explained in this Court's August 17, 2004, Memorandum and Order, a Section 1983 action that would call into question the lawfulness of a plaintiff's conviction or confinement is not cognizable, and does not, therefore, accrue until and unless the plaintiff can prove that her conviction or sentence has been reversed on direct appeal.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  Thus, when a plaintiff files a Section 1983 action, the court must determine whether "...a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  Id.

Plaintiff was convicted of misdemeanor child endangerment and has failed to present any evidence that her conviction was reversed or invalidated.  Plaintiff made a motion to amend this Court's August 17, 2004, Order barring a number of her claims on the ground that her conviction had been "set aside" under California Penal Code § 1203.4.  While a 1203.4 petition for expungement does act to relieve a defendant from most penalties and disabilities resulting from the offense, it does not nullify the conviction.  See People v. Vasquez, 25 Cal. 4th 1225, 1230 (Cal. Sup. Ct. 2001).  Rather, the final judgment of a conviction is a fact; and its effect cannot be nullified even by a 1203.4 set aside.  Id.  The Court acknowledged that Plaintiff's conviction had, indeed, been set aside under 1204.3, but clearly held that her conviction was not expunged and still exists as a

6

legal reality.  Mem. & Order 3, August 17, 2004.  As a result, Heck will act to bar Plaintiff's claim of illegal search and seizure if it would imply the invalidity of her underlying criminal conviction.  See Mem. & Order 4, February 9, 2005.

The Ninth Circuit has spoken directly to whether a Section 1983 action alleging illegal search and seizure is cognizable when it has resulted in a criminal conviction.  See Harvey v. Waldron, 210 F.3d 1008 (9th Cir. 2000).  The Harvey court expressly held that a Section 1983 claim for illegal search and seizure does not accrue until the criminal charges upon which that search is based have been dismissed or the conviction has been overturned.  Id. at 1015.  The court went on to explain that such a holding will avoid the potential for inconsistent determinations on the legality of a search and seizure in civil and criminal cases and will therefore fulfill the Heck Court's objectives of preserving consistency and finality, and preventing "...a collateral attack on [a] conviction through the vehicle of a civil suit."  Id.

Here, Plaintiff plead nolo contendere to the charge of child endangerment.  In order to receive and accept such a plea from an accused, a factual basis for the plea must have been stated by the prosecutor and agreed to by the defendant while under oath.  In order for Plaintiff to succeed on this Section 1983 claim alleging an illegal search and seizure, the underlying factual basis for her conviction would need to be largely, if not entirely, invalidated.  Destroying the factual basis upon which her conviction rests would certainly imply the invalidity of her conviction.  Such a result is strictly prohibited by Heck.

7

Accordingly, Plaintiff's Section 1983 claim alleging illegal search and seizure is dismissed with prejudice.

**2.   Violation of Right to Due Process**[3]

In her complaint, Plaintiff avers, inter alia, that Defendants deprived her of protections under the Fourth, Fifth, Eighth, and Fourteenth Amendments.  Pl's. Compl. 10-11. Plaintiff is relying on 42 U.S.C. § 1983 to support her claim that Officer Sparks and Officer Sowles deprived her of personal property under color of law and without due process.  In pertinent part, 42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State. . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In order to state a cause of action under Section 1983, a plaintiff must show (1) that a person acting under color of state law engaged in the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the constitution or laws of the United States.  See

---

[3] Plaintiff characterizes this claim as one for extortion. See Pl's. Compl. p. 1, 11, 12.  Plaintiff claims that the threats allegedly made to induce her to release the animals amounts to extortion and, ultimately, to a violation of her constitutional rights.  Mere threats to do an unconstitutional act, however, does not rise to the level of a constitutional wrong.  Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  Accordingly, Plaintiff's claim is properly characterized as a deprivation of her right to due process.

8

1 Leer v. Murphy, 844 F.2d 628, 632 (9th Cir. 1988).  A person
2 deprives another of a constitutional right, within the meaning of
3 Section 1983, if he does an affirmative act, participates in
4 another's affirmative acts, or omits to perform an act which he
5 is legally required to do that causes the deprivation of which
6 the plaintiff complains. See id. at 633.

It is undisputed that Defendant Sparks and Defendant Sowles acted under color of state law when they requested a release from Plaintiff to surrender her animals to the custody of Animal Control Services.  Plaintiff's central allegation is that Defendants Sowles and Sparks forced her to sign the release that surrendered her animals to Officer Sparks.  Plaintiff avers that Defendants Sowles and Sparks applied threats of a felony animal cruelty charge against Plaintiff as leverage which, she claims, amounted to extortion and ultimately a deprivation of due process.

Before summary adjudication can be granted in her favor, Plaintiff has the burden of establishing that there are no issues of material fact regarding whether Defendants were acting under color of state law and deprived her of the animals without satisfying the rigors of due process.  While there is no issue regarding whether Defendants were acting under color of state law, there remain issues of material fact regarding whether Plaintiff was deprived of her property without due process.

As support for the contention that Plaintiff's due process rights were violated, Plaintiff makes the bare assertion that Defendants "threatened her" with filing an animal cruelty charge. Defendants rebut this assertion by referring to inconsistencies

9

1  in Plaintiff's testimony.  At this early stage in the
2  controversy, the Court is not required to engage in a fact
3  finding mission to determine the validity of all claims.
4  Instead, Plaintiff's failure to resolve the issues of material
5  fact concludes the inquiry.  Plaintiff's Motion for Summary
6  Adjudication of this claim is denied.

**3.   Invasion of Privacy**

The constitution generally protects two kinds of privacy interests.  One is the individual interest in avoiding disclosure of personal matters, and another is the interest in independence in making certain kinds of important decisions.  Whalen v. Roe, 429 U.S. 589, 599 (1977).  Such basic matters as contraception, abortion, marriage, and family life are protected by the constitution from unwarranted government intrusion.  See generally Kelley v. Johnson, 425 U.S. 238, 244 (1970); Roe v. Wade, 410 U.S. 113, 153 (1973); Eisenstadt v. Baird, 405 U.S. 438 (1972); Griswold v. Connecticut, 381 U.S. 479 (1965).

Here, Plaintiff is seeking redress for the invasion of her privacy occasioned by Defendants' warrantless search of her home. In the absence of probable cause and a valid search warrant, search of a home is a per se violation of the Fourth Amendment of the Constitution of the United States of America.  See Coolidge v. New Hampshire, 403 U.S. 443, 474-75 (1971).  That said, the warrant requirement may be waived based on a specific showing of exigent circumstances.  Id.

In support of her motion, Plaintiff categorically asserts

10

that her constitutional right to privacy was infringed by Defendants' search of her home.  In opposition, Defendants contend that there were sufficient exigent circumstances to enter and search her home.  Specifically, Plaintiff contends that the home was simply in disrepair whereas Defendants contend that the home exhibited serious signs of neglect along with a pungent odor which caused Defendants to fear for the safety of the children.  Clearly, issues of material fact exist as to whether there were sufficient exigent circumstances to permit Defendants to conduct a warrantless search of Plaintiff's residence.  Accordingly, Plaintiff's Motion for Summary Adjudication is denied.

**4.   Deliberate Indifference to the Training of Defendants**

A municipality will only be found liable under section 1983 for a policy of inadequate training or supervision in limited circumstances.  See City of Canton v. Harris, 489 U.S. 378, 387 (1989).  Inadequacy of training "may serve as the basis for section 1983 liability only where the [municipal entity's] failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." Id. Moreover, a plaintiff alleging municipal liability under Section 1983 must show there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. Id. at 385.

Plaintiff offers no evidence whatsoever to establish the material facts underpinning her claim.  Rather, she simply avers that the County of Sacramento indifferently trained Defendants

11

resulting in a violation of her constitutional rights. The Court cannot summarily adjudicate this claim in favor of Plaintiff when there is a complete absence of evidence regarding whether the County was deliberately indifferent to the rights of individuals. Accordingly, Plaintiff's Motion for Summary Adjudication is denied.

**5.  Conspiracy**

A 42 U.S.C. § 1983 conspiracy claim generally requires a predicate showing that a right guaranteed by law was violated. See Giannini v. Real, 911 F.2d 354, 359 (9th Cir. 1990). No conspiracy claim may survive where no liberty deprivation, retaliation or invasion of privacy occurred.

Plaintiff has not yet established any deprivation of liberty or other invasion of privacy to which the conspiracy claim can attach. Plaintiff's Motion for Summary Adjudication of the conspiracy claim is premature and must, therefore, be denied.

**6.  Trespass to Land and Trespass to Chattel**

Plaintiff is seeking summary adjudication of her claims for trespass to land and trespass to chattel. She argues that there are no disputed facts regarding whether Defendants entered her property without permission. Defendants rebut that they are entitled to a qualified immunity which will absolutely shield them of any liability for their actions in connection with the search of Plaintiff's home.

12

1    In fact, Defendants are entitled to qualified immunity
unless a reasonable officer would have known that the conduct at
issue was unlawful under clearly established law.  See <u>Anderson
v. Creighton</u>, 483 U.S. 635, 639 (1987).  The determination of
whether a reasonable officer could have believed his conduct was
lawful is a determination of law that can be decided on summary
judgment only if the material facts are undisputed.  See <u>LaLonde
v. County of Riverside</u>, 204 F.3d 947, 953 (9th Cir. 2000).

As discussed in detail above, there remain a number of
material facts in dispute.  Accordingly, whether Defendants can
be held liable for the tort of trespass to land and trespass to
chattel is inappropriate for disposition on this summary
adjudication motion.  Plaintiff's motion is, therefore, denied.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Summary
Judgment or, in the alternative, Summary Adjudication is DENIED.

IT IS SO ORDERED.

DATED: December 15, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE