UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MARY C. ENGEL,

      Plaintiff,

  v.

MICHAEL BARRY et al.,

      Defendants.

2:03-CV-2403 MCE KJM

<u>ORDER ON REQUEST FOR RECONSIDERATION</u>

----oo0oo----

In bringing the present request for reconsideration, Defendants Michael Barry, Deputy Sowles, Deputy Brian Hammer, Deputy William Sowles, and Officer Scott Sparks (collectively, "Defendants") ask this Court to reverse, in part, a November 21, 2005, Order issued by Magistrate Judge Kimberly J. Mueller (hereinafter "Magistrate Judge"), requiring Defendants to provide to Plaintiff, for copying and inspection, various documents submitted to the Magistrate Judge for <u>in camera</u> review.  The documents in question purportedly respond to several interrogatories propounded by Plaintiff as well a Request for Production of Documents related to defendant Sowles's dismissal

1  from the Sacramento County Sheriff's Department.  Prior to the
2  Magistrate Judge's ruling, the Defendants, in their opposition to
3  Plaintiff's Motion to Compel, asked the Magistrate Judge to deny
4  Plaintiff's motion outright or, in the alternative, to undertake
5  an <u>in camera</u> review of the requested documents prior to ordering
6  their disclosure.  The Magistrate Judge ordered disclosure of the
7  documents after reviewing them in chambers.  Defendants now
8  challenge that ruling.

9  In reviewing a magistrate judge's determination, the
10 district judge shall apply the "clearly erroneous or contrary to
11 law" standard of review set forth in Local Rule 72-303(f), as
12 specifically authorized by Federal Rule of Civil Procedure 72(a)
13 and 28 U.S.C. § 636(b)(1)(A).[1]  Under this standard, the Court
14 must accept the Magistrate Judge's decision unless it has a
15 "definite and firm conviction that a mistake has been committed."
16 <u>Concrete Pipe & Prods. of Calif., Inc. v. Constr. Laborers
17 Pension Trust for So. Calif.</u>, 508 U.S. 602, 622 (1993).  If the
18 Court believes the conclusions reached by the Magistrate Judge
19 were at least plausible, after considering the record in its
20 entirety, the Court will not reverse her decision even if
21 convinced that it would have weighed the evidence differently.
22 <u>Phoenix Eng. & Supply Inc. v. Universal Elec. Co., Inc.</u>, 104 F.3d
23 1137, 1141 (9th Cir. 1997).

24 After reviewing the evidence, this Court cannot say that the

---

[1] Federal Rule of Civil Procedure 72(a) directs the district court judge to "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Similarly, under 28 U.S.C. § 636(b)(1)(A), the district judge may reconsider any pretrial order "where it is shown that the magistrate's order is clearly erroneous or contrary to law."

2

Magistrate Judge's decision was clearly erroneous as that standard has been defined.  To the contrary, the Court finds multiple grounds under which the Magistrate Judge could plausibly have found the documents in question discoverable.  In submissions to the Magistrate Judge, Defendants objected to the production of said documents on the bases of privilege and relevancy.  Defendants waived these objections, however, when they failed to respond to Plaintiff's interrogatories or Request for Production in a timely manner.[2]  Fed. R. Civ. P. 33; Fed. R. Civ. P. 34; See also Richmark Corp. v. Timber Falling Consultants 959 F.2d 1468, 1473 (9th Cir. 1992)(noting that failure to respond to a Rule 33 or Rule 34 request "within the time required constitutes a waiver of <u>any</u> objection")(emphasis added).

    The Court further notes that even if Defendants had made timely objections, there would still be insufficient grounds to reverse the Magistrate Judge.  With respect to the official information privilege asserted by Defendants, that privilege is not absolute.  Miller v. Pancucci, 141 FRD 292, 299-300 (C.D. Cal. 1992).  Rather, the court must engage in a balancing test to determine whether the privilege even applies.  See id. (stating that courts are to balance the potential benefits of disclosure against the potential disadvantages).  Here, the Magistrate Judge could have plausibly concluded that the potential benefits of production outweighed the potential disadvantages, thereby negating the claimed privilege.

---

[2] Defendants have chosen not to address their failure to respond within the thirty (30) days allowed in their brief to the Court.

3

With respect to Defendant's relevancy objection, the controlling rule states that, ordinarily, discovery is limited to matters relevant to the claim or defense of a party.  Fed. R. Civ. P. 26(b)(1); But see Adv. Comm. Notes to 2000 Amendment to Fed. R. Civ. P. 26(b)(1) (stating that "[a] variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given action"). The rule, however, allows for more expansive discovery in certain situations.  For example, upon a showing of good cause, a court may order the discovery of any matter that is relevant to the subject matter involved in the action.  Fed. R. Civ. P. 26(b)(1). This broader standard is meant to be flexible and could properly include information that could be used to impeach a likely witness, such as Deputy Sowles.  Adv. Comm. Notes to 2000 Amendment to Fed. R. Civ. P. 26(b)(1).  Although the Magistrate Judge did not specify the grounds upon which she based her ruling, the Court concludes that under either of the applicable relevancy standards, the Magistrate Judge's decision is not clearly erroneous.

Finally, Defendants contend that the Magistrate Judge erred by ordering disclosure of information that goes beyond what was actually requested by Plaintiff.  (Req. Recons. of Magist. Judge's Ruling on Pl.'s Mot. to Compel Produc. Docs. at 1-2, 3-4.)  According to Defendants, by requiring such broad disclosure, the Magistrate Judge is effectively "conducting discovery on Plaintiff's behalf."  (Id. at 1-2.)  This marks the first time that Defendants have objected to production of the documents based on the ground that they exceed the scope of Plaintiff's

4

request.[3]  Unfortunately, Defendants provide no authority to support their position and the Court finds none.  In addition, as noted above, Defendants have waived this objection because they failed to timely respond to Plaintiff's interrogatories or Request for Production.  Fed. R. Civ. P. 33, 34.  Accordingly, Defendants' request for reconsideration is denied.  Defendants shall make the documents identified in the Magistrate Judge's Order available to Plaintiff for copying and inspection.

   IT IS SO ORDERED.

DATED: February 7, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

   [3]As stated previously, in submissions to the Magistrate Judge, Defendants' objections to production rested solely on the bases of privilege and relevancy.