UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARY C. ENGEL,

        Plaintiff,

  v.

MICHAEL BARRY, ET AL.,

        Defendants.

2:03-CV-2403-MCE-KJM

MEMORANDUM AND ORDER

----oo0oo----

On or about May 1, 2006, Plaintiff Mary C. Engel filed a Motion to Amend the Judgment pursuant to Fed. R. Civ. P. 60.[1] Plaintiff alleges the Court committed a number of reversible errors in its April 21, 2006, Order.  Primarily, Plaintiff alleges the Court erroneously construed her invasion of privacy claim as one under state rather than federal law.

///
///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

1

Plaintiff goes on to argue the Court was in error for granting Defendants' Motion for Summary Judgment as to Plaintiff's excessive force claim, due process claim, conspiracy claim, and deliberate indifference claim.  The Court finds no error in its earlier ruling and, consequently, denies Plaintiff's Motion to Amend the Judgment in its entirety.

## BACKGROUND

The Court has previously set forth a detailed factual background for this action in its Order of August 17, 2004, which is incorporated by reference and need not be reproduced herein. (Mem. & Order 2-5).

## ANALYSIS

**1.   Privacy Claim**

The Court steadfastly maintains its position that Plaintiff's claim for invasion of privacy was pled solely as a state law claim.  On that basis alone, Plaintiff's Motion to Amend the Judgment can be denied.  However, in an abundance of caution and in order that Plaintiff can be fully satisfied the Court addressed her every grievance, the Court will undertake an analysis of a federal privacy complaint as though it had been properly pled.

///

///

1      As an initial matter, Plaintiff's Complaint is far from a
2 model of clarity and, certainly, bends the liberal pleading rules
3 to their farthest extreme.  Nonetheless, to the extent a federal
4 claim for privacy could be drawn from the Complaint, it is
5 subject to the bar set forth in *Heck v. Humphrey*.  512 U.S. 477
6 (1994).  Pursuant to *Heck*, a Section 1983 action that would call
7 into question the lawfulness of a plaintiff's conviction or
8 confinement is not cognizable, and does not, therefore, accrue
9 until and unless the plaintiff can prove that her conviction or
10 sentence has been reversed on direct appeal.  *Id.* at 486-87.
11 Thus, when a plaintiff files a Section 1983 action, the court
12 must determine whether "...a judgment in favor of the plaintiff
13 would necessarily imply the invalidity of his conviction or
14 sentence; if it would, the complaint must be dismissed unless the
15 plaintiff can demonstrate that the conviction or sentence has
16 already been invalidated."  *Id.*  While Plaintiff's conviction has
17 been "set aside," it has not been invalidated and continues to
18 stand as a legal reality and, consequently, as a bar to certain
19 of her claims.  *See* Mem. & Order, February 9, 2005; *see also Heck*
20 at 486-87.

21      Plaintiff plead nolo contendere to the charge of child
22 endangerment.  In order to receive and accept such a plea from an
23 accused, a factual basis for the plea must have been stated by
24 the prosecutor and agreed to by the defendant while under oath.
25 In order for Plaintiff to succeed on this Section 1983 claim
26 alleging an unconstitutional invasion of her privacy under the
27 Fourth Amendment, the underlying factual basis for her conviction
28 would need to be largely, if not entirely, invalidated.

3

Destroying the factual basis upon which her conviction rests would certainly imply the invalidity of her conviction. Such a result is strictly prohibited by *Heck*.

**CONCLUSION**

The Court rejects Plaintiff's contention that she properly pled a federal claim for invasion of privacy and denies her Motion to Amend the Judgment on that ground. However, as a secondary and independent basis for denying her Motion, the Court finds that, to the extent a federal cause of action for invasion of privacy could be drawn from the Complaint, it is barred by the *Heck* doctrine.

IT IS SO ORDERED.

DATED: May 18, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE