UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARY C. ENGEL,                              No. 2:03-CV-2403-MCE-KJM

     Plaintiff,

  v.                                        MEMORANDUM AND ORDER

MICHAEL BARRY ET.,

     Defendants.

----oo0oo----

Plaintiff Mary C. Engel ("Plaintiff") brought suit against Defendants Michael Barry, Deputy Brian Hammer, Deputy William Sowles, and Scott Sparks (collectively, "Defendants") alleging various civil rights violations under federal and state law. Early in this proceeding, the Defendants moved the Court to dismiss Plaintiff's claims for failure to state a claim.  The Court dismissed certain of Plaintiff's federal and state claims but permitted several of her claims to proceed.  Defendants' then brought a Motion for Summary Adjudication as to Plaintiff's remaining claims.  On April 21, 2006, the Court granted Defendants' Motion as to all remaining federal claims and dismissed Plaintiff's state law claims without prejudice.

On May 1, 2006, Plaintiff filed a motion styled "Motion to Amend the Judgment." Although motions to amend judgment normally fall under Fed. R. Civ. P. 59,[1] Plaintiff based her Motion on Rule 60.[2] The Court denied Plaintiff's Motion to Amend the Judgment on May 18, 2006.

On June 1, 2006, Defendants filed a Motion for Attorneys' Fees under 42 U.S.C. § 1988. Plaintiff filed an opposition to Defendants' Motion and also requested the Court extend her deadline to appeal pursuant to Rule 58(c)(2).[3]

**ANALYSIS**

**1.   Defendants' Motion for Attorneys' Fees**

As a procedural matter, Plaintiff contends that Defendants' Motion for Attorneys' Fees was untimely. Rule 54(d)(2)(B) states that "*unless otherwise provided by statute or order of the court*, the motion [for attorneys' fees] must be filed no later than 14 days after entry of judgment." Fed. R. Civ. P. 54(d)(2)(B) (emphasis added). The Eastern District's Local Rules qualify as "standing court orders" for purposes of Rule 54(d). *Eastwood v. Nat'l Enquirer, Inc.*, 123 F.3d 1249 (9th Cir. 1997).

---

[1] Unless otherwise noted, all further references to "Rule" or "Rules" shall refer to the Federal Rules of Civil Procedure.

[2] For purposes of this analysis, it is irrelevant whether Plaintiff's Motion was brought under Rule 59 or Rule 60.

[3] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

2

1  Local Rule 54-293(a) stipulates that motions for awards of
2  attorneys' fees must be filed "not later than thirty days after
3  entry of final judgment."  E.D. Cal. R. 54-293(a).  While Rule 54
4  requires that Defendants' Motion for Attorneys' Fees must be
5  filed within 14 days of final judgment, this Court's Local Rules
6  provide otherwise and extend that period to 30 days.  Because
7  final judgment occurred on May 2, 2006, Defendant's Motion for
8  Attorneys' Fees, filed June 1, 2006, was timely.
9        Turning to the merits of Defendant's Motion, a defendant may
10 recover attorneys' fees under 42 U.S.C. § 1988 only if the Court
11 finds that Plaintiff's action was "frivolous, unreasonable, or
12 without foundation."  *Saman v. Robbins*, 173 F.3d 1150, 1157 (9th
13 Cir. 1999).  While the Court has concluded that Plaintiff's
14 claims fail as a matter of law, the Court does not find that her
15 action was frivolous, unreasonable, or without foundation.
16 Accordingly, Defendants' Motion for Attorneys' fees is denied.

**2.   Plaintiff's Ex Parte Application to Extend Time to Appeal**

20      Defendants contend that Plaintiff's time to appeal the final
21 judgment has tolled.  In fact, a notice of appeal must be filed
22 with the district court clerk within 30 days after the judgment
23 is entered.  Fed. R. App. P. 4(a)(1)(A).  However, a timely post-
24 judgment motion may extend the deadline to appeal so that the
25 time to file an appeal runs for all parties from the entry of the
26 order disposing of the last such remaining motion.  Fed. R. App.
27 P. 4(a)(4)(A).
28 ///

1  Included in the list of post-judgment motions which may extend
2  the deadline to appeal are motions to amend the judgment under
3  Rule 59 and motions for relief under Rule 60 if the motion is
4  filed no later than 10 days after the judgment is entered.  Fed.
5  R. App. P. 4(a)(4)(A)(vi).
6       Plaintiff filed her Motion to Amend the Judgment on May 1,
7  2006.  As noted above, final judgment was entered on May 2, 2006.
8  Clearly, Plaintiff's Motion was filed no later than 10 days after
9  final judgment was entered.  Because Plaintiff's post-judgment
10 Motion was timely, the time to file an appeal did not begin until
11 the Court denied Plaintiff's Motion on May 18, 2006.
12 Accordingly, Plaintiff's Notice of Appeal filed on June 16, 2006,
13 was timely as it was within thirty days of this Court's May 18,
14 2006, disposition of her Motion to Amend the Judgment.  Because
15 the Court has concluded Plaintiff's Notice of Appeal was timely,
16 the Court need not address Plaintiff's request for an extension
17 to file her appeal under Rule 58(c)(2).

**CONCLUSION**

21     Defendant's Motion for Attorney's Fee is DENIED.  The Court
22 deems Plaintiff's Notice of Appeal to have been timely filed.

24     IT IS SO ORDERED.
25 DATED: June 22, 2006

4

1
2
3    _____
4    MORRISON C. ENGLAND, JR
     UNITED STATES DISTRICT JUDGE
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28